THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SPRINGFIELD DEVELOPMENT COMPANY, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HILL DEVELOPMENT COMPANY, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SPRINGFIELD DEVELOPMENT COMPANY, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HILL DEVELOPMENT COMPANY, INC., Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES ROSEN, Correct Name CHILL ROSENBLATT, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARCUS RETTER, Appellant.— Defendants Springfield Development Company, Inc., and Hill Development Company, Inc., appeal from judgments of the Court of Special Sessions of the City of New York, Borough of Queens, convicting them of violations of section 2040 of the Penal Law, and from the sentences imposed. Defendants Rosen and Retter appeal from judgments of said court convicting them of violations of section 2040 of the Penal Law, from the sentences imposed, and from all intermediate orders. Judgments affirmed. No opinion. No separate appeals lie from the sentences and orders, which have been reviewed on the appeals from the respective judgments of conviction. Nolan, P. J., Wenzel, MacCrate and Murphy, JJ., concur; Beldock, J., dissents and votes to reverse the judgment and to grant the motion to withdraw the pleas of guilty and to permit defendants to plead not guilty, with the following memorandum: On January 27, 1954, two informations were filed against each of the corporate defendants charging willful failure to give heat and hot water with respect to two separate premises on various dates. Each corporation pleaded not guilty. After several adjournments on consent, a third information was filed on May 12, 1954, against the two individual defendants, who are officers of the two corporate defendants, charging willful failure to give heat and hot water on March 29, 1954, with respect to premises other than those involved in the first two informations. The individual defendants pleaded not guilty and the trial of the three informations was fixed for October. After two adjournments, one at the request of the People and another on consent, the case appeared on the calendar on November 29, 1954. Defendant Retter was then ill in bed. Bail was set for Retter at $5,000 and for Rosen at $2,500. An adjournment was had to December 2, 1954. On that day defendant Retter was still ill. Upon being advised that the assistant district attorney had something to say with reference to the application of defendants' attorney for an adjournment, the justice presiding said that the assistant district attorney better have something or he would raise the bail, and would keep raising it until "I hit $50,000". Although the Justice presiding stated that he did not believe defendant Retter was ill, subsequent examination by a doctor, appointed by the court, showed that he was. On December 9, 1954, appellants' attorney was actually engaged in a capital case and asked for an adjournment. The Justice presiding stated that he would grant the adjournment, but only on condition that the bail be raised to $7,500 for defendant Rosen, and $15,000 for defendant Retter. After a hurried conference between defendants and their attorney, the plea of not guilty was withdrawn and a plea of guilty entered as against each corporation. The individual defendants denied that the violation in the third

information was willful, but on insistence by the Justice presiding that they plead guilty or not guilty to the information which charged willful violation, the individual defendants pleaded guilty. On December 27, 1954, the date set for sentence, all defendants moved to withdraw the pleas of guilty and to enter pleas of not guilty on the grounds that (1) defendants did not understand that they were pleading guilty to a crime; (2) the individual defendants could not be guilty of the crime charged in the third information because the weather report shows that the temperature was above fifty-five degrees on March 29, 1954; (3) one of the individual defendants had a language difficulty. The assistant district attorney stated that all the complainants were present on the day of sentence. The defendants were ready to go to trial immediately. Under the circumstances, the refusal to grant the motion to withdraw the pleas of guilty and to permit defendants to plead not guilty was an improvident exercise of discretion.